UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-5272-JLS (KK) | Date: | June 25, 2018 |
| Title: | Kenneth Pollard v. Duffy, et al. | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed

# I.
# INTRODUCTION

On May 6, 2018, Kenneth Pollard ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF Docket No. ("Dkt.") 1. For the reasons set forth below, the Petition appears subject to dismissal. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing **no later than July 25, 2018**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

///
///
///
///
///

# II.
# DISCUSSION

**PETITION IS SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM**

A habeas petition may be subject to dismissal if it does not "state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 76 n.7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (U.S. 1977) (citation omitted). A court may dismiss an action where the allegations are unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); see Hines v. Napolitano, No. CIV. 071816-WQH (RBB), 2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007) (dismissing petition which contained "unintelligible allegations without any specific federal constitutional grounds for relief"; court need not "engage in a tenuous analysis in order to attempt to identify and ma[k]e sense of the Petition"). Similarly, a court may dismiss a claim as factually frivolous when the facts alleged are implausible. Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Additionally, conclusory allegations which are not supported by statement of specific facts do not warrant habeas relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995), cert. denied, 517 U.S. 1143 (1996). Lastly, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Here, the Petition does not set forth facts that "point to a real possibility of constitutional error" and fails to comply with Rule 8. First, the Petition is largely unintelligible and illegible to the point the Court cannot interpret Petitioner's claims. See Neitzke, 490 U.S. at 324. To the extent the Court can decipher Petitioner's claims, the Petition is centered on allegations "the State of California state and federal Sheriff illegally us[ed] a loc master light emitter nano wire tap[] in [Petitioner's] right [eye] to set [him] up [with] false terrorist threat using neuro robotic and advance[d] space land system Lock[heed] Martin CDC System – A[n] aerial cyber track[ing] implant for cellular control brain computer interface." See Pet. at 1-4. The Court finds these allegations factually implausible because they "rise to the level of the . . . wholly incredible". See Denton, 504 U.S. at 32-33. Additionally, Petitioner's conclusory allegation that he is the victim of "made up false charges" does not warrant habeas relief. See Jones, 66 F.3d at 204-05. Lastly, the Petition violates Rule 8 of the Federal Rules of Civil Procedure, because the Petition is so vague and confusing as to leave uncertain the nature of Petitioner's claims. Fed. R. Civ. P. 8. The Petition, thus, fails to state a cognizable claim for federal habeas relief and appear subject to summary dismissal.

# III.
# ORDER

For the above reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition **no later than July 25, 2018**. Petitioner must respond in writing by either (a) clearly explaining why the deficiency referenced above does not warrant dismissal; or (b) filing a First Amended Petition

curing the above referenced deficiency.  The First Amended Petition shall be complete in itself.  It shall not refer in any manner to the original Petition.  In other words, Petitioner must start over when preparing the First Amended Petition.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for his failure to comply with court orders and failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**