UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH POLLARD,<br><br>      Petitioner,<br><br>  v.<br><br>DUFFY, ET AL.,<br><br>      Respondent. | Case No. CV 18-5272-JLS (KK)<br><br>ORDER SUMMARILY DISMISSING ACTION WITH PREJUDICE |

**I.**

**INTRODUCTION**

On May 6, 2018, Kenneth Pollard ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF Docket No. ("Dkt.") 1. On June 25, 2018, the Court issued an Order to Show Cause Why Petition Should Not Be Dismissed. Dkt. 3. For the reasons discussed below, the Court summarily DISMISSES this action with prejudice.

**II.**

**SUMMARY OF PROCEEDINGS**

On May 6, 2018, Petitioner constructively filed[1] a Petition for Writ of Habeas Corpus. Dkt. 1. While the basis for the Petition is unclear, the Petition states the

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the

"the State of California [] and [] Sheriff illegally us[ed] a nano wire tap[]" and "photo optical system" in Petitioner's "right eye," and so the "courts need to compare the police report [Petitioner has] to the police report [the District Attorney] has to see if they match[.] If they don't[, it should be a] mistrial." Id. at 1-4.

On June 25, 2018, the Court issued an Order to Show Cause Why Petition Should Not Be Dismissed ("OSC"). Dkt. 3. The OSC observed the Petition appeared subject to dismissal for failing to state a claim for relief and violating Federal Rule of Civil Procedure 8 ("Rule 8"). Id. at 1-2. The OSC instructed Petitioner to respond "in writing by either (a) clearly explaining why the deficiency referenced" in the OSC "does not warrant dismissal; or (b) filing a First Amended Petition curing the" Petition's deficiency. Id. at 2-3

On June 29, 2018, Petitioner filed a Response to the OSC ("Response"). Dkt. 6.

## III.

## DISCUSSION

## THE PETITION IS SUBJECT TO DISMISSAL
## FOR FAILURE TO STATE A CLAIM

**A.  Applicable Law**

A court may dismiss a habeas petition if it does not "state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 76 n.7, 97 S. Ct. 1621, 1630, 52 L. Ed. 2d 136 (U.S. 1977) (citation omitted). For instance, a court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); see Hines v. Napolitano, No. CIV. 071816-WQH (RBB), 2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007)

---

date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

(dismissing petition which contained "unintelligible allegations without any specific federal constitutional grounds for relief"; court need not "engage in a tenuous analysis in order to attempt to identify and ma[k]e sense of the Petition"). Additionally, conclusory allegations which are not supported by statement of specific facts do not warrant habeas relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995), cert. denied, 517 U.S. 1143 (1996). Likewise, a court may dismiss a claim as factually frivolous when the facts alleged are implausible. Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Lastly, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

**B.      Analysis**

Here, the Petition does not set forth facts that "point to a real possibility of constitutional error" and fails to comply with Rule 8. First, the Petition is largely unintelligible and illegible to the point the Court cannot interpret Petitioner's claims. See Neitzke, 490 U.S. at 324. Second, to the extent the Court can decipher Petitioner's claims, the Petition is centered on allegations "the State of California state and federal Sheriff illegally us[ed] a loc master light emitter nano wire tap[] in [Petitioner's] right [eye] to set [him] up [with] false terrorist threat using neuro robotic and advance[d] space land system Lock[heed] Martin CDC System – A[n] aerial cyber track[ing] implant for cellular control brain computer interface." See dkt. 1, 1-4. The Court finds these allegations factually implausible because they "rise to the level of the . . . wholly incredible". See Denton, 504 U.S. at 32-33. Third, Petitioner's conclusory allegation that he is the victim of "made up false charges" does not warrant habeas relief. See Jones, 66 F.3d at 204-05. Lastly, Petitioner's Response fails to address or cure the Petition's deficiencies. The Response, like the Petition is largely unintelligible and simply adds to the ambiguity of Petitioner's claims.

| | |
|---|---|
| 1 | The Petition, thus, fails to state a cognizable claim for federal habeas relief. |
| 2 | Additionally, because the Petition is so vague and confusing as to leave uncertain |
| 3 | the nature of Petitioner's claims, the Petition also violates Rule 8. Fed. R. Civ. P. |
| 4 | 8. Hence, the Petition must be dismissed. |

### IV.
### **ORDER**

Thus, this Court ORDERS Judgment be entered summarily DISMISSING this action with prejudice.

Dated: July 13, 2018

HONORABLE JOSEPHINE L. STATON
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge